**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MORRIS,

        Plaintiff,

v.

CITY OF TRENTON, et al.,

        Defendants.

Civil Action No. 13-6142 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants City of Trenton and Tony Mack's ("Defendants") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 23.) Plaintiff Michael Morris ("Plaintiff") filed opposition (ECF No. 24), and Defendants replied (ECF No. 25). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motion for summary judgment is denied.

**I.**     **Background**

Plaintiff brings this § 1983[1] action to recover non-economic damages.[2] (*See generally* Notice of Removal, Ex. A ("Compl.") ¶ 51, ECF No. 1.) Plaintiff began employment with the

---

[1] Plaintiff also asserts a claim under the state analog to 42 U.S.C. § 1983, the New Jersey Civil Rights Act.

[2] In the Verified Complaint, Plaintiff sought economic losses. (Compl. ¶ 51.) Plaintiff, however, concedes that he has now recovered all economic damages, through back pay and attorney's fees, in the Civil Service award, and is seeking only non-economic damages. (Pl.'s SUMF ¶ 21, ECF No. 24-1.)

City of Trenton in 2003 as a Supervising Security Guard. (Defs.' Statement of Undisputed Material Facts ("SUMF") ¶ 1, ECF No. 23-2; Pl.'s SUMF ¶ 1, ECF No. 24-1.[3]) Effective November 5, 2010, he was laid off following the election of Tony Mack ("Mack") as Mayor of the City of Trenton and the appointment by Mack of another individual to Plaintiff's position. (Defs.' SUMF ¶¶ 2-4; Pl.'s SUMF ¶¶ 6, 11.) Plaintiff appealed his layoff to the Civil Service Commission ("CSC") and was reinstated on May 24, 2011. (Defs.' SUMF ¶ 6; Pl.'s SUMF ¶ 12.) Plaintiff was laid off again, effective September 16, 2011. (Defs.' SUMF ¶ 7; Pl.'s SUMF ¶ 17.) Plaintiff subsequently appealed his layoff to the CSC, and was reinstated with an award of back pay and attorney's fees. (Defs.' SUMF ¶¶ 10-11.) In his Verified Complaint, Plaintiff seeks with respect to the layoffs: "non-economic losses in the form of emotional distress and humiliation in the presence of his co-workers arising from the adverse employment measures imposed punitively by the defendants as well as the emotional distress and humiliation at his inability to meet his financial obligations and the uncertain future of his career with the City." (Compl. ¶ 51.)

## II. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment. The party moving for summary

---

[3] The facts are undisputed unless otherwise noted.

2

judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

If the non-moving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the non-movant's claim. *Id.* at 325. Alternatively, a moving party may submit affirmative evidence that negates a material element of the non-moving party's claim. *Id.* at 325-31. If the movant brings such affirmative evidence, or makes a showing that the non-movant lacks evidence essential to its claim, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The burden of persuasion, however, rests ultimately on the non-moving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Id.* at 322.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. However, on a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute for trial, summary judgment as a matter of law is proper.

### III. Analysis

Defendants move for summary judgment, arguing that Plaintiff cannot put forth sufficient evidence to support an award for non-economic "emotional distress" damages under his § 1983 claim or the state analog, New Jersey Civil Rights Act claim.[4] (Defs.' Moving Br. 4, ECF No. 23-

---

[4] The New Jersey Civil Rights Act is interpreted analogous to § 1983. *See Rezem Family Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103, 115 (App. Div. 2011).

3

1.) Specifically, Defendants argue that because Plaintiff has failed to provide any evidence that he suffered emotional distress injuries, such as evidence showing that he went to the doctor and received medication, and because Plaintiff testified during his deposition that he can handle his emotions and was not at the point of breaking, summary judgment must be granted for Defendants.[5] (*Id.* at 11-12.) In opposition, Plaintiff argues that Defendants' reference to small portions of his deposition transcript does not show the whole picture, and when the evidence is viewed on the whole, the evidence puts forth sufficient facts for a jury to find that Plaintiff suffered non-economic injury.[6] (Pl.'s Opp'n Br. 1-4, ECF No. 24.) Specifically, Plaintiff directs this Court to his interrogatory answers, deposition testimony, and Rule 26 disclosures as evidence sufficient to support his claims for non-economic damages. (*Id.* at 7-15.)

The Supreme Court, in *Carey v. Piphus*, held that "in an action under § 1983 for the deprivation of procedural due process, a plaintiff must prove that he actually was injured by the deprivation before he may recover substantial 'nonpunitive' damages." 435 U.S. 247, 253 (1978). This is because "the basic purpose" of §1983 damages is "to compensate persons for injuries that [are] caused by the deprivation of constitutional rights." *Id.* at 254. In *Memphis Community School District v. Stachura*, the Supreme Court extended its analysis from *Carey* to apply to

---

[5] For the first time on reply, Defendants argue that they are also entitled to summary judgment with regard to Plaintiff's claim for punitive damages. As Defendants included this argument for the first time in their reply brief, the Court will not address this argument. Instead, the Court will allow this issue to be raised in the final pretrial order and, if appropriate, briefed with any pre-trial motions.

[6] Plaintiff additionally argues that Defendants' motion is precluded by the law of the case doctrine due to the Magistrate Judge's previous denial of Defendants' first motion for summary judgment. (Pl.'s Opp'n Br. 4-6.) The Court, however, does not find this argument persuasive because the Magistrate Judge did not hold that Plaintiff had sufficient evidence to present to the jury to prove non-economic damages; instead, the Magistrate Judge found that even though Plaintiff's economic injuries were compensated before the Civil Service Commission, he was not barred from pursuing non-economic relief before this Court. (*See generally* Mem. Op., Sept. 26, 2014, ECF No. 15.)

*substantive* due process claims, holding that *Carey* "does not establish a two-tiered system of constitutional rights, with substantive rights afforded greater protection than 'mere' procedural safeguards." 477 U.S. 299, 309 (1986). The Third Circuit has not addressed the issue of whether an award for non-economic damages may be "supported solely by a plaintiff's own testimony." *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3d Cir. 1986) (citing *Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985); *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1272-73 (8th Cir. 1981). *But see Cohen v. Bd. of Educ.*, 728 F.2d 160 (2d Cir. 1984); *Nekolny v. Painter*, 653 F.2d 1164 (7th Cir. 1981)). The Third Circuit, however, following the other circuits that have addressed the issue, has held that "medical evidence or testimony is not required to recover for emotional distress in a section 1983 case." *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 34, n.3 (3d Cir. 1994) (citing cases from other circuits).

Here, in opposition to Defendants' motion, Plaintiff points to his interrogatory answers that detail the humiliation he felt following his layoffs and then reinstatements to demeaning work assignments. (Pl.'s SUMF ¶ 25.) Specifically, Plaintiff recounts being humiliated by his supervisor's orders to perform meaningless tasks and being ostracized by the employees he once supervised. (*Id.*) Furthermore, through his deposition testimony, Plaintiff explained that he was unable to maintain a relationship, he would get so upset his blood pressure would rise, and he was depressed from his loss of income and not knowing if he would get his job back. (*Id.* ¶¶ 25-30.) Additionally, the cases cited by Defendants in support of their motion for summary judgment were all decided after the case was presented to a jury. *See Rodgers v. Fisher Body Div., Gen. Motors Corp.*, 739 F.2d 1102 (6th Cir. 1984); *Erebia v. Chrysler Plastic Prods. Corp.*, 772 F.2d 1250 (6th Cir. 1985); *Spence*, 806 F.2d at 1198. Accordingly, the Court denies Defendants' motion for

summary judgment and will allow this case to proceed to trial. Defendants, however, may make any appropriate motions following the close of Plaintiff's case to the jury.

IV.   **Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment is denied. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** June 15, 2016